UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| BRIAN LEE ROLAND,<br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, *et al.*,[1]<br>    Defendants. | Civil Action No. 3:23CV785 (RCY) |

## MEMORANDUM OPINION

In its Order to Show Cause entered on December 6, 2023, the Court granted *pro se* Plaintiff Brian Lee Roland's application to proceed in forma pauperis ("IFP Application") but directed Plaintiff to file an Amended Complaint curing the deficiencies noted in the Order to Show Cause. Order, ECF No. 2. Plaintiff was warned that failure to comply with the terms of the Order to Show Cause could result in dismissal of the action. *Id*. On December 21, 2023, Plaintiff filed an Amended Complaint, ECF No. 5, which became the operative Complaint in this action, per the Court's Order to Show Cause. However, the newly filed Complaint fails to cure the deficiencies noted in the Order to Show Cause or otherwise abide by the terms of the Order and once again fails to state any cognizable claim.

### I. SUMMARY OF ALLEGATIONS

Plaintiff is seeking $5,000,000.00 in damages for having suffered acute corneal allograft rejection in his left eye after receiving a COVID-19 vaccine. Am Compl. 3, 7. Plaintiff alleges that he suffered a "federal tort" insofar as "[t]he United States Government, through Operation

---

[1] Plaintiff originally named as defendants Secretary of U.S. Department of Health & Human Services ("HHS") Xavier Becerra, U.S. Attorney General Merrick Garland, and United States Attorney for the Eastern District of Virginia Jessica Aber. Compl. 2, ECF No. 1-1. In the now-operative Amended Complaint, however, Plaintiff only names the United States of America, HHS, and the Department of Defense ("DOD"). The Court has adjusted the case caption accordingly.

Warp Speed (OWS)[2], committed Medical Malpractice through the negligent and/or wrongful act and/or omission and/or disregard for preexisting health conditions for a two time Corneal Allograft Transplants recipient, prior to immunization, which initiated an immune system response, that caused Corneal Allograft Rejection, and led to blindness in one eye." Am. Compl. 7.  Plaintiff lodges his claims against the United States of America, the Department of Health and Human Services (HHS), and the Department of Defense (DOD),[3] rather than the individual or entity who administered the vaccine to him (CVS), because "[a]dministers of the Emergency Use Authorization (EUA) vaccines, such as pharmacies, including CVS, acted in a purely ministerial role [and] lacked discretionary authority . . . ." *Id*. at 5.

Plaintiff brings this action under the auspices of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et seq*.  *See* Am'd Compl. 2 (referencing administrative requirements set forth in 28 U.S.C. § 2675).  Under the FTCA's limited waiver of sovereign immunity for tort claims against the United States or its agencies, the United States, and not the agency itself or its employees, is the proper defendant in an FTCA action.  *Shallow v. FBI*, 2019 WL 2718493, at *2 (citing 28 U.S.C. §§ 1346(b), 2674); *Frankel v. United States*, 810 F. App'x 176, 178 n.2 (4th Cir. 2020); *see also* Am'd Compl. 3 (seemingly acknowledging this fact with the statement that "[a]llegations are not against any single individual, but an ongoing continuous entity, the US Government").  Accordingly, the Court finds that Plaintiff has failed to state a claim against HHS and DOD.

---

[2] As described in the Amended Complaint, OWS was a collaborative effort between the Department of Defense and the Department of Health and Human Services "to delegate total control and authority over all aspects of the [COVID-19] vaccination program to the Federal Government. . . .  It was an effort to mobilize Government resources to accelerate the development, testing, and administration of vaccines to prevent SARS-CoV-2/COVID-19."  Am. Compl. 4–5.

[3] Plaintiff also lists "OPERATION WARP SPEED (OWS)" as a defendant on page 3 of the Amended Complaint, but given that OWS is not an entity and the first page caption of the Amended Complaint does not include OWS, the Court disregards this inclusion.

Moving on with Plaintiff's claim against the United States generally, the Court finds that Plaintiff has failed to cure the deficiency noted in his original Complaint. As set forth in the Court's Show Cause Order, ECF No. 2, for federal courts to have jurisdiction over a claim made pursuant to the FTCA, such claim must be actionable under 28 U.S.C. § 1346, which requires that the claim be:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 141 S. Ct. 740, 746 (2021) (citing *FDIC v. Meyer*, 510 U.S. 471, 477 (1994)). Applying this standard, Plaintiff once again fails to plausibly allege that he suffered an injury *caused by any employee of the Government*.

Plaintiff alleges that he suffered from the "negligent and/or wrongful acts and/or omissions [in the form of] the disregard for preexisting health conditions prior to [COVID-19] immunization . . . " committed by the "US Government in Operation Warp Speed (OWS)" when it "authoriz[ed] . . . the vaccination of Corneal Allograft Transplant recipients with new EUA vaccines." Am'd Compl. 23, 25. Plaintiff asserts that "Corneal allograft transplant recipients, with this preexisting medical history, should have been EXCLUDED from . . . general population vaccine administration protocols." *Id*. at 25. Based on these allegations, the Court understands Plaintiff to be challenging the actions of whomever within the U.S. Government "authorized" the administration of COVID vaccines to "Corneal allograft transplant recipients". This conclusory allegation is insufficient to sustain Plaintiff's claim. *See Twombly*, 550 U.S. at 555.

Nothing in Plaintiff's Amended Complaint supports Plaintiff's conclusory assertion that the Government negligently authorized or promoted the COVID vaccine for individuals who had

previously received a corneal transplant.  In fact, Plaintiff cites information to the contrary.  First, on page 25 of the Amended Complaint, Plaintiff includes a bolded and underlined proposition, with citation to a Johns Hopkins Medicine website (https://www.hopkinsmedicine.org), that "Moderna vaccines are safe and effective for the general population, **without preexisting health conditions**." Am'd Compl. 25 (Court's emphasis added).  If this statement were, as it seems, taken from an informational page concerning the Moderna COVID vaccine, it seems to suggest that there were caveats included with the information promoting vaccination.  Second, the HHS "Claim for Injury, Damage, or Death" form attached to Plaintiff's Amended Complaint shows that Plaintiff received the vaccine dose(s) "without consultation(s) with the patient's physician(s) . . . ." Am'd Compl. Ex. 1 at 2, ECF No. 5-1.  Again, this implication that consultation with a physician might have been had negates the plausibility that the Defendant (the U.S. Government) was negligently promoting the vaccination of ALL individuals without respect for particular medical backgrounds, needs, or sensitivities.  There is certainly no allegation to be found in the Amended Complaint that Plaintiff was vaccinated against his will.  Accordingly, his free-will decision to seek vaccination without consulting a physician specifically with regard to his corneal transplant cannot be transmuted to negligence on the part of the U.S. Government.

      Plaintiff's failure once again to plead a viable cause of action warrants dismissal of the action.  Accordingly, the action will be dismissed without prejudice.

      An appropriate Order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: April 25, 2024
Richmond, Virginia